(90 South. 579)

No. 24234.

## VOSBEIN v. NEW ORLEANS RY. & LIGHT CO.

(Oct. 31, 1921. Rehearing Denied Nov. 28, 1921.)

*(Syllabus by Editorial Staff.)*

1. Pleading ⚶246(3)—Refusal of amendment striking out allegation as to cause of injury held not error.

In an action for injuries to plaintiff's son intending to board defendant's car, where the

petition alleged that a blow by the car gate combined with a push by another boy threw him under the car, *held*, that it was not error to refuse to permit an amendment striking out the allegation that he was pushed by the other boy.

2. Carriers ☞305(4)—**Motorman's negligence in failing to keep lookout held not to have contributed injury to intending passenger so as to make carrier liable.**

In an action for injuries to plaintiff's son intending to board defendant's street car which ran over him when he fell or slipped under the side after the front had passed, negligence of the motorman in failing to keep a lookout *held* not to have contributed to the injury, so as to make defendant liable.

Appeal from Civil District Court, Parish of Orleans; Hugh C. Cage, Judge.

Action by Joseph Vosbein against the New Orleans Railway & Light Company. Judgment for plaintiff, and defendant appeals. Judgment annulled.

Hall, Monroe & Lemann, Joseph W. Montgomery, and Walter J. Suthon, Jr., all of New Orleans, for appellant.

E. M. Stafford and H. W. Robinson, both of New Orleans, for appellee.

DAWKINS, J. Plaintiff sues for injuries to his nine year old son, alleged to have been caused through the fault of the defendant and which necessitated the amputating of both legs.

Defendant denied the negligence attributed to it and pleaded contributory negligence on the part of the child.

There was judgment for the plaintiff below in the sum of $15,000, defendant has appealed, and plaintiff has prayed that the sum allowed be increased to $35,000, the amount originally demanded.

### The Facts.

The injured child, Henry Vosbein, traveled on a Magazine street car to the intersection of Broadway and Maple streets in the city of New Orleans, where he obtained a transfer for the purpose of proceeding to his home over the Carondelet line, which has its terminus at the point mentioned. There was no Carondelet car present when he arrived, and he sat down on the curb to await its coming, and engaged in conversation with two little newsboys, one white and the other colored. When the Carondelet car came into view around the corner some two blocks away, all three boys got up and started from the uptown curb towards the tracks, the white newsboy remaining on the uptown side and the colored boy with Henry Vosbein going over to the neutral ground between the double tracks on Broadway, which was the place provided for the alighting and boarding of cars by passengers. A short distance from the usual point for stopping, the mortorman stooped down and picked up a bundle of papers which the newsboys were waiting to receive and tossed them over toward the sidewalk. Just about this instant the screams of Henry Vosbein attracted attention to the fact that the front wheels of the street car had run over his legs.

[1] The testimony is conflicting as to just how the child came to fall under the street car; but it is the contention of neither side that he fell down in front of it, each conceding that his legs were projected under the side after the front had passed, though accounting therefor in different ways. The present contention of the plaintiff is that a loose and swinging car gate struck the child and knocked him under the side of the car; and that, if the motorman had been keeping a watchout instead of directing his attention to the newspapers, in view of the slow pace at which the car was traveling, he could have stopped it, after seeing the child struck, in time to have avoided running over him. Plaintiff now disputes the allegation made in the petition filed by him that Henry Vosbein was shoved by the colored newsboy, which it was averred combined with the blow of the

gate to precipitate the child under the car. An effort was made to amend by striking that allegation from the petition—that is, that the colored boy had pushed or shoved Henry Vosbein—but the lower court refused to permit it, and we think rightly so. The plaintiff had taken his little son to the office of his attorney and the child had detailed fully his recollection of how the accident happened, and it was accordingly incorporated in the petition, including the alleged act of the colored boy in pushing young Vosbein. But even if the amendment had been allowed, we do not think the result would have been different, in so far as our conclusions are concerned.

[2] Conceding that the motorman was negligent in directing his attention to the bundle of papers, we do not see how this could have contributed to the injury, for admittedly the front of the car had passed and the child's feet went under it from the side while the car was traveling the distance between the end and the front wheels some six or eight feet; and even if he had seen the child fall or slip under the side, which is not at all probable, we do not think it would have been possible to stop before the wheels struck his legs. If Henry Vosbein was standing facing the approaching car as he says he was, there was nothing to have prevented his seeing the swinging gate, if it were so swinging, in time to have gotten out of the way. But considering all of the evidence and surrounding circumstances, we are very doubtful if the gate struck him at all, but are convinced that he was either shoved by the negro boy, or in attempting to board the moving car his feet missed the step and he slipped under the side with his feet across the rails. He must have stated to his counsel that the colored boy shoved him, else it would not have been in the petition, and besides the little negro ran away immediately from the scene of the accident, indicating that he had some guilty connection with the matter.

We think the plaintiff has failed to make out a case of liability against defendant on the facts; and the trial judge seems to have been of the same view, which is indicated both in his reasons for refusing a new trial and in his attitude and method of examining witnesses while the case was on trial. Notwithstanding this, however, the jury rendered a verdict for the plaintiff but in a much less sum than he should have recovered if there had been liability, indicating that they probably had some doubt about the matter.

The case turns upon questions of fact, and, as above stated, we think the record fails to show that defendant was guilty of negligence contributing to the accident; but that the injury was caused either through the fault of a third person for whom it was not responsible, or through the contributory negligence of Henry Vosbein.

For the reasons assigned, the judgment appealed from is annulled and set aside, and the demands of plaintiff rejected at his cost.

MONROE, C. J., takes no part.
LAND, J., takes no part.